# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Mark Horton,           )<br>                       )<br>  Plaintiff,          )<br>                       )      Civil Action No. 9:22-4569-RMG<br>  vs.                  )<br>                       )<br> Martin O'Malley, Commissioner )<br> of Social Security,   )      **ORDER**<br>                       )<br>  Defendant.           )<br>_____)| |

Plaintiff brought this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3) seeking judicial review of the final decision of the Commissioner of Social Security denying his claim for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). In accord with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 DSC, this matter was referred to a United States Magistrate Judge for pre-trial handling. The Magistrate Judge issued a Report and Recommendation ("R & R") on January 30, 2024, recommending that the Commissioner's decision be affirmed. (Dkt. No. 10). The parties were advised of their right to file written objections to the R & R within 14 days of receipt and a failure to file objections would result in clear error review and a waiver of the right to appeal. (*Id*. at 20). Plaintiff did not file objections to the R & R.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection

is made. The Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge. 28 U.S.C. § 636(b)(1).

The role of the federal judiciary in the administrative scheme established by the Social Security Act is a limited one. The Act provides that the "findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964). This standard precludes *de novo* review of the factual circumstances that substitutes the Court's findings of fact for those of the Commissioner. *Vitek v. Finch*, 438 F.2d 1157, 1157 (4th Cir. 1971).

Although the federal court's review role is a limited one, "it does not follow, however, that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative action." *Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir. 1969). Further, the Commissioner's findings of fact are not binding if they were based upon the application of an improper legal standard. *Coffman v. Bowen*, 829 F.2d 514, 519 (4th Cir. 1987).

Plaintiff asserted in his application for disability that certain visual impairments rendered him disabled under the Social Security Act. The Administrative Law Judge (ALJ) found that Plaintiff suffered from the following severe visual impairments: congenital nystagmus, ocular hypertension, and optic nerve hypoplasia. Despite these severe impairments, the ALJ concluded that Plaintiff could perform the full range of work at all exertional levels with certain nonexertional limitations. (Dkt. No. 10 at 5). Plaintiff asserted that the ALJ erred in evaluating

the opinions of Plaintiff's treating ophthalmologist, Dr. Richard Francis, Jr. The ALJ found that Dr. Francis' opinions were not supported by his own exam findings and other objective evidence and were inconsistent with the record as a whole which the ALJ found "does not demonstrate such extensive visual limitation." (Dkt. No. 4-2 at 22). The ALJ further found that Dr. Francis' opinions were also inconsistent with the vision testing conducted by a consulting examiner, Dr. Brown. The Magistrate Judge found the ALJ's findings and conclusions were consistent with the regulatory standards for evaluating medical opinions and were supported by substantial evidence. (*Id*. at 6-14).

Plaintiff further argued on appeal that no fact finder had weighed and reconciled a newly submitted opinion offered by a vocational expert, Rock Weldon. Mr. Weldon, relying on Dr. Francis' opinions, concluded that such limitations would eliminate any work in the national economy. The Magistrate Judge concurred with the Appeals Council that this newly provided vocational opinion would not have changed the outcome because it was based on opinions of Dr. Francis which the ALJ had given little weight. (*Id*. at 17).

The Court finds that the Magistrate Judge ably addressed the factual issues in this matter and correctly concluded that the decision of the Commissioner should be affirmed. Consequently, the Court adopts the R & R of the Magistrate Judge (Dkt. No. 10) as the order of the Court and affirms the decision of the Commissioner.

**AND IT IS SO ORDERED**.

                                                  s/ Richard Mark Gergel
                                                  Richard Mark Gergel
                                                  United States District Judge

February 15, 2024
Charleston, South Carolina